I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
RICHARD S. SWOPE (STATE BAR NO. 233200)
rswope@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:      +1-650-614-7401

Attorneys for Defendant
LOGITECH, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, a Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH INC., a California Corporation; and DOES 1-100,,<br><br>Defendant. | Case No.  08-CV-308 BTM (CAB)<br><br>**LOGITECH, INC'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

## LOGITECH, INC'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Logitech, Inc. ("Logitech" or "Defendant"), answers the Complaint of Jens Erik Sorensen and Sorensen Research and Development Trust (collectively "Sorensen" or "Plaintiff") and counterclaims as follows:

### THE PARTIES

1.     Logitech admits that a document which purports to be a copy of U.S. Patent No. 4,935,184 ("the '184 patent") patent is attached to the Complaint as Exhibit A.   Logitech is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint, and therefore denies the remaining allegations in

1  paragraph 1.

2      2.    Logitech admits paragraph 2 of the Complaint.

3      3.    Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore denies all allegations in paragraph 3.

    4.    Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore denies all allegations in paragraph 4.

## JURISDICTION AND VENUE

    5.    Logitech admits that this Court has subject matter jurisdiction over patent infringement actions.

    6.    Logitech admits that venue is proper because it resides in this district. All other allegations in paragraph 6 of the Complaint are denied.

    7.    Logitech admits that it does and has done business in the State of California. All other allegations in paragraph 7 of the Complaint are denied.

## CLAIM FOR RELIEF

    8.    Logitech refers to and incorporates herein the responses of paragraphs 1- 7 above.

    9.    Logitech admits that the document attached to the complaint as appendix A that purports to be a copy of the '184 patent states on its face that it is entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complementary Mold Parts" and that it was issued on January 19, 1990.

    10.    Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies all allegations in paragraph 10.

    11.    Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore denies all allegations in paragraph 11.

    12.    Logitech is without knowledge or information sufficient to form a belief as to the

1  truth of the allegations of paragraph 12 of the Complaint, and therefore denies all allegations in
2  paragraph 12.
3      13.     Logitech is without knowledge or information sufficient to form a belief as to the
4  truth of the allegations of paragraph 13 of the Complaint, and therefore denies all allegations in
5  paragraph 13.
6      14.     Logitech admits that it received a letter from Sorensen concerning the '184 patent
7  dated November 9, 2006. Logitech is without knowledge or information sufficient to form a
8  belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies all
9  allegations in paragraph 14.
10     15.     Logitech is without knowledge or information sufficient to form a belief as to the
11 truth of the allegations of paragraph 15 of the Complaint, and therefore denies all allegations in
12 paragraph 15.
13     16.     Logitech is without knowledge or information sufficient to form a belief as to the
14 truth of the allegations of paragraph 16 of the Complaint, and therefore denies all allegations in
15 paragraph 16.
16     17.     Logitech is without knowledge or information sufficient to form a belief as to the
17 truth of the allegations of paragraph 17 of the Complaint, and therefore denies all allegations in
18 paragraph 17.
19     18.     Logitech admits that it received a letter, claim charts, and drawings from Sorensen
20 concerning the '184 patent dated November 9, 2006. Logitech is without knowledge or
21 information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18
22 of the Complaint, and therefore denies the remaining allegations in paragraph 18.
23     19.     Logitech is without knowledge or information sufficient to form a belief as to the
24 truth of the allegations of paragraph 19 of the Complaint, and therefore denies all allegations in
25 paragraph 19.
26     20.     Logitech admits that the letter from Sorensen dated November 9, 2006, requested
27 that Logitech provide information concerning its products. Logitech is without knowledge or
28 information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20

of the Complaint, and therefore denies the remaining allegations in paragraph 20.

21.     Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and therefore denies all allegations in paragraph 21.

22.     Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore denies all allegations in paragraph 22.

23.     Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore denies all allegations in paragraph 23.

24.     Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore denies all allegations in paragraph 24.

25.     Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and therefore denies all allegations in paragraph 25.

26.     Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore denies all allegations in paragraph 26.

27.     Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore denies all allegations in paragraph 27.

28.     Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore denies all allegations in paragraph 28.

**PRAYER FOR RELIEF**

29. The final section of the Complaint comprises a prayer for relief to which no response is required. To the extent that any response is required, Logitech denies that it has infringed any valid and enforceable claim of the asserted patents and denies that Sorensen is entitled to any relief whatsoever against Logitech, either as requested or otherwise. Logitech further denies each and every allegation related to Logitech contained in the Complaint to which Logitech has not specifically responded.

**AFFIRMATIVE AND OTHER DEFENSES**

Further answering the Complaint, Logitech asserts the following defenses. Defendant reserves the right to amend its answer with additional defenses as further information is obtained.

**First Defense: Failure to State a Claim**

30. On information and belief, plaintiff has failed to state a claim.

**Second Defense: Noninfringement**

31. On information and belief, Logitech has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '184 patent.

**Third Defense: Invalidity**

32. On information and belief, and without prejudice to further amendment upon information learned during discovery, one or more of the asserted claims of the '184 patent are invalid because they fail to meet one or more of the Patent Laws of the United States, including but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

**Fourth Defense: Prosecution History/Claim Construction Estoppel**

33. On information and belief, as a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications that ultimately issued as the '184 patent and/or the application or applications to which the '184 patents claims priority, Plaintiff is estopped from asserting any construction of the claims of the '184 patent sufficiently broad to cover or include any product made, used, sold, offered for sale in, or imported into, the United States by Defendants and are further estopped from arguing infringement under the

1  doctrine of equivalents.

### Fifth Defense: Laches

2  34. On information and belief, pursuant to the equitable doctrine of laches, Plaintiff's claims for damages are barred because of Plaintiff's delay in commencing this action.

### Sixth Defense: Unavailability of Relief (Prosecution Laches)

35. Pursuant to the equitable doctrine of laches, Plaintiff's claims for damages are barred because of Plaintiff's delay in prosecuting the applications that ultimately issued as the '184 patent and/or the application or applications to which the '1841 patent claims priority.

### COUNTERCLAIMS

36. Defendant Logitech, Inc. ("Logitech" or the "Counterclaim Plaintiff") alleges as follows for these Counterclaims for Declaratory Judgment against Counterclaim Defendant Jens Erik Sorensen and Sorensen Research and Development Trust (collectively "Sorensen" or "Counterclaim Defendant"):

37. These are counterclaims for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 4,935,184 ("the '184 patent").

### THE PARTIES

38. Counterclaim Plaintiff Logitech LLC is a limited liability company organized under the laws of Delaware, having its principal place of business in Dulles, Virginia.

39. On information and belief, Counterclaim Defendant Sorensen is a California resident, and the trustee of a trust organized according to California law.

### JURISDICTION

40. Counterclaim Plaintiff Logitech brings this action under the Declaratory Judgments Act, 28 U.S.C. § 2201 for a declaratory judgment of noninfringement and invalidity of the '184 patent under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq. Since this action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

41. Venue in this judicial district is conferred under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

42. This Court has personal jurisdiction over Sorensen. Sorensen has submitted to the personal jurisdiction of this Court by filing the Complaint in this Action.

## BACKGROUND

43. Counterclaim Plaintiff Logitech hereby restates and realleges the allegations set forth in paragraphs 36 through 42 above and incorporates them by reference.

44. Counterclaim Plaintiff Logitech is accused of making, using, selling, offering for sale, or inducing others to use in the United States methods and related devices which Counterclaim Defendant Sorensen allege infringe the '184 patent.

45. This declaratory judgment stems from an actual controversy between Logitech and Soresnsen, as evidenced by, *inter alia,* the Complaint and Answer in this action.

## COUNT 1

### Declaratory Judgment of Noninfringement of U.S. Patent No. 4,935,184

46. Counterclaim Plaintiff Logitech incorporates by reference the allegations set forth in paragraphs 40 through 45 above, as though fully asserted herein.

47. U.S. Patent No. 4,935,184, entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complementary Mold Parts," was issued by the USPTO.

48. Counterclaim Defendant Sorensen has filed this infringement suit against Counterclaim Plaintiff Logitech, alleging that Logitech is infringing the '184 patent as set forth in Sorensen's complaint.

49. Counterclaim Plaintiff Logitech has not infringed and is not infringing, either directly or indirectly, contributorily or otherwise any of the claims of the '184 patent.

50. Counterclaim Plaintiff Logitech seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '184 patent to be not infringed by Logitech, and granting Counterclaim Logitech all other declaratory relief to which it may be entitled.

## COUNT 2

### Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 4,935,184

51. Counterclaim Plaintiff Logitech incorporates by reference the allegations set forth

in paragraphs 40 through 45 above, as though fully asserted herein.

52. On information and belief, the claims of the '184 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States including but not limited to the provisions of 35 U.S.C. §§ 102, 103, and 112.

53. Counterclaim Plaintiff Logitech seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '184 patent to be invalid and/or unenforceable for reasons including but not limited to failure to comply with, inter alia, 35 U.S.C. §§ 102, 103 and 112.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff Logitech prays for the following relief:

A. The Court enter judgment against Sorensen, and dismiss with prejudice, any and all claims of their Complaint;

B. The Court enter judgment declaring that Counterclaim Plaintiffs have not willfully or otherwise infringed, contributed to the infringement of, nor induced infringement of any claim of the '184 patent;

C. The Court enter judgment declaring that the claims of the '184 patent are invalid and/or unenforceable;

D. The Court declare that Sorensen may not pursue its claims, in whole or in part, because of any of the affirmative defenses asserted herein;

E. The Court declare that Sorensen is not entitled to damages for, or injunctive relief against, any alleged infringement by Counterclaim Plaintiff Logitech;

F. The Court issue a declaration that this case is "exceptional" under 35 U.S.C. § 285;

G. The Court award Counterclaim Plaintiff Logitech its costs and expenses for this action, including reasonable attorneys' fees; and

H. The Court grant to Counterclaim Plaintiffs such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Counterclaim Plaintiff Logitech hereby demands a jury trial in this action.

Dated: April 10, 2008

I. NEEL CHATTERJEE
RICHARD S. SWOPE
Orrick, Herrington & Sutcliffe LLP

/s/ RICHARD S. SWOPE
RICHARD S. SWOPE
Attorneys for Defendant
LOGITECH, INC.