I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
RICHARD S. SWOPE (STATE BAR NO. 233200)
rswope@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:     +1-650-614-7401

Attorneys for Defendant
LOGITECH, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, a Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH INC., a California Corporation; and DOES 1-100,,<br><br>Defendant. | Case No.  3:08-CV-00308-BTM (CAB)<br><br>**DEFENDANT LOGITECH, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PENDING OUTCOME OF PATENT REEXAMINATION PROCEEDINGS**<br><br>**JURY TRIAL DEMANDED**<br><br>Date:        May 30, 2008<br>Time:        11:00 a.m.<br>Courtroom: 15, Fifth Floor<br>Hon. Barry Ted Moskowitz<br><br>NO ORAL ARGUMENTS UNLESS REQUESTED BY THE COURT |

**DEFENDANT LOGITECH, INC'S MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF MOTION TO STAY PENDING OUTCOME OF PATENT**

**REEXAMINATION PROCEEDINGS**

Defendant Logitech, Inc. ("Logitech" or "Defendant"), hereby asks this Court to stay this case while the United States Patent and Trademark Office ("USPTO") reexamines the validity of U.S. Patent No. 4,935,184 ("the '184 patent"), the patent in suit, just as this Court has already stayed other litigations concerning this same patent.

Plaintiff Jens Erik Sorensen and Sorensen Research and Development Trust (collectively

1  "Sorensen" or "Plaintiff") has filed some 23 separate cases alleging infringement of the '184
2  patent with this Court.  A third-party request for *ex parte* reexamination of the '184 patent was
3  filed with the United States Patent and Trademark Office ("USPTO") on July 30, 2007.  In light
4  of this reexamination request, this Court stayed Plaintiff's patent infringement lawsuit against a
5  group of defendants, one of whom was the Black and Decker Corporation.  *Sorensen v. Black &*
6  *Decker, et al.*. Case No. 06-cv-1572 BTM (CAB), Doc. #243 (SD CA, Sept. 10, 2007).  The
7  USPTO granted the reexamination request on October 11, 2007.  A second third-party *ex parte*
8  request for reexamination was filed with the USPTO on December 21, 2007.

9        Following the stay in *Black & Decker*, this Court has granted stays pending reexamination
10 in 3 other cases:  *Sorensen v. Energizer Holdings, Inc., et al.*, Case No. 07-cv-2321 BTM (CAB),
11 Doc. #33 (SD CA,  Mar. 19, 2008); *Sorensen v. Giant International (USA) LTD*, Case No. 07-cv-
12 2121 BTM (CAB), Doc. #28 (SD CA, Feb. 28, 2008); *Sorensen v. Helen of Troy, et al.*, Case
13 No. 07-cv-2278 BTM (CAB), Doc. #26 (SD CA, Feb. 28, 2008).  A fourth Sorensen matter filed
14 in the Northern District of California has also been stayed pending reexamination.  *Sorensen v.*
15 *Digital Networks North Am. Inc.,* Case No. C07-05568 JSW, Doc. #39 (ND CA Jan. 16, 2008).

16       The reasoning this Court set forth in it's order granting a stay in *Black & Decker* on
17 September 10, 2007 and it's order granting a stay in *Energizer* on March 19, 2008  is equally
18 relevant to this case.  For the reasons stated by the Court in these orders and in their underlying
19 motions, Logitech requests that the Court stay this case pending outcome of reexamination
20 proceedings.

21 **A.    STANDARD FOR A STAY PENDING THE OUTCOME OF REEXAMINATION
22       PROCEEDINGS**

23       As noted in the other motions to stay pending the outcome of reexamination proceedings,
24 courts have the inherent power and the discretion to stay proceedings pending the outcome of a
25 reexamination proceeding.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988);
26 *Energizer*, Case No. 07-cv-2321 BTM (CAB), Doc. #22. In determining whether to grant a stay
27 pending reexamination by the PTO, courts consider three factors: (1) the stage of litigation, i.e.,
28 whether discovery is almost complete and whether a trial date has been set; (2) whether a stay

would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and trial of the case. *Black & Decker*. Case No. 06-cv-1572 BTM (CAB), Doc. #243 at 5. As in the other Sorensen cases where a stay has been granted, these three factors strongly favor a stay in this case.

**B.   THE LITIGATION IS IN ITS VERY EARLY STAGES**

This case was filed February 15, 2008, less than two months ago. This motion is being filed concurrently with Logitech's answer in this case. This case is at the same point now as was the *Energizer* case when a stay was granted in that case. *Energizer*, Case No. 07-cv-2321 BTM (CAB), Doc. #22, at 3. No discovery has yet been taken, no conferences have been held, and no deadlines have been set. For the same reasons that this Court recognized in *Energizer*, this factor weighs heavily in favor of a stay in this case.

**C.   A STAY WILL NOT PREJUDICE OR DISADVANTAGE THE PLAINTIFF**

For the same reasons articulated by *Energizer* in its motion to stay, it is the defendant in this case that will potentially be prejudiced if a stay is *not* granted. *Energizer*, Case No. 07-cv-2321 BTM (CAB), Doc. #22, at 5. Specifically, because the '184 patent has expired, the plaintiff will not be foregoing any meaningful injunctive relief in the event this case is stayed pending reexamination, and if the USPTO does not invalidate any asserted claims of the '184 patent, the plaintiff will be able to pursue monetary damages for any infringement that is alleged to have occurred prior to the expiration of the patent.

For the same reasons that this Court recognized in *Energizer*, this factor weighs heavily in favor of a stay in this case.

**D.   A STAY WILL SIMPLIFY THE ISSUES IN QUESTION AND POTENTIALLY ELIMINATE THE NEED FOR FURTHER LITIGATION**

For the same reasons articulated by *Energizer* in its motion to stay, a stay in this case will simplify the issues in question and ensure that judicial resources, and the resources of each party, are spent only if further litigation is necessary. *Energizer*, Case No. 07-cv-2321 BTM (CAB), Doc. #22, at 5-6.

1  As noted by *Energizer* in its motion to stay, if either of the reexaminations (the July 30,
2  2007 reexamination and the December 21, 2007 reexamination (if granted)) find that the claims
3  of the '184 patent are invalid, Sorensen will not be permitted to amend the claims to overcome
4  any rejections because the '184 patent has already expired.  *Id.*  As noted by *Energizer*, any
5  determination by the USPTO that the claims of the '184 are invalid will be a final determination,
6  and will eliminate any need for litigation in this case.
7  For the same reasons that this Court recognized in *Energizer*, this factor weighs heavily in
8  favor of a stay in this case.

9  **E.    CONCLUSION**

10  For the same reasons that this Court stated in it's order granting a stay in *Black & Decker*
11  on September 10, 2007 and it's order granting a stay in *Energizer* on March 19, 2008, this Court
12  should order this case stayed pending the outcome of reexamination of the '184 patent.

14  Dated: April 10, 2008

I. NEEL CHATTERJEE
RICHARD S. SWOPE
Orrick, Herrington & Sutcliffe LLP

/s/ RICHARD S. SWOPE
RICHARD S. SWOPE
Attorneys for Defendant
LOGITECH, INC.