| | |
|---|---|
| 1 | I. NEEL CHATTERJEE (STATE BAR NO. 173985) |
| | nchatterjee@orrick.com |
| 2 | RICHARD S. SWOPE (STATE BAR NO. 233200) |
| | rswope@orrick.com |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1000 Marsh Road |
| 4 | Menlo Park, CA  94025 |
| | Telephone:    +1-650-614-7400 |
| 5 | Facsimile:    +1-650-614-7401 |
| 6 | Attorneys for Defendant |
| | LOGITECH, INC. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JENS ERIK SORENSEN, a Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, | | Case No.  3:08-CV-00308-BTM (CAB) |
| | Plaintiff, | **DEFENDANT LOGITECH, INC'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY PATENT LOCAL RULES SCHEDULE** |
| v. | | JURY TRIAL DEMANDED |
| LOGITECH INC., a California Corporation; and DOES 1-100,, | | Date:          June 20, 2008 |
| | Defendant. | Time:          11:00 a.m. |
| | | Courtroom: 15, Fifth Floor |
| | | Hon. Barry Ted Moskowitz |

OHS West:260418752.4

LOGITECH, INC'S OPP. TO PLAINTIFF'S MOT. TO
MODIFY PATENT LOCAL RULES SCHEDULE
3:08-CV-00308-BTM (CAB)

Defendant Logitech, Inc. ("Logitech" or "Defendant") hereby opposes Jens Erik Sorensen and Sorensen Research and Development Trust's (collectively "Sorensen" or "Plaintiff") motion to modify patent local rules schedule to accelerate identification of claimed invalidating prior art.

## I. INTRODUCTION

Sorensen's motion should be denied. Sorensen's motion essentially requests an order requiring Logitech to join in the already-filed reexaminations. Such a ruling is contrary to established Federal Circuit law. The Federal Circuit in *In re Continental Gen. Tire*, 81 F.3d 1089 (Fed. Cir. 1995) held that the choice as to whether or not to undergo reexamination lies with Logitech. In addition, requiring invalidity contentions at this time is inconsistent with the Patent Rules and the orderly process of this case. Namely, Sorensen has not yet served any infringement contentions. Indeed, both the infringement contentions and reexaminations proceedings may inform what additional prior art may be relevant at a later point in time. Such a result is prejudicial to Logitech and should not be required.

## II. ARGUMENT

### A. Logitech is Entitled to Choose Whether or Not to Submit Certain Prior Art to The U.S. Patent Trade Office.

Sorensen contends that Logitech should be obliged to provide all of its prior art on an expedited basis so that Sorensen can submit the art to the USPTO in the pending reexaminations of the '184 patent. This contention, however, is contrary to Federal Circuit Precedent.

The Federal Circuit has held that a defendant to a litigation cannot be forced to participate in a reexamination proceeding. Submission of prior art to the USPTO is permissive, and the district courts lack the authority to compel a party to submit their prior art to the USPTO. *Emerson Elec. Co. v. Davoil, Inc.*, 88 F.3d 1051, 1054 (Fed. Cir. 1996), citing *Continental General*, 81 F.3d at 1092 ("A party's choice [of what, if anything, to file with the patent office in a reexamination proceeding] should remain undisturbed by the courts."); s*ee also Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc.*, 486 F. Supp. 2d 990, 995 (D. Ariz. 2006) (In granting a stay pending reexamination to plaintiff, the court refused to unseal plaintiff's infringement contentions for use by the defendant in the reexamination proceedings, holding that "to do so would require

the Court to improperly involve itself in the necessarily *ex parte* process of the PTO's reexamination."); *Weatherford Int'l, Inc. v. Casetech Int'l, Inc.*, 2006 U.S. Dist. LEXIS 12195, 3-4 (D. Tex. 2006) (In granting a stay, Court refused to order Plaintiffs to respond to Defendant's Motion of Summary Judgment of Invalidity, holding that "the Court will refrain from involving itself in the reexamination proceeding by evaluating the substance of Plaintiffs' submissions to the PTO."). *In re Continental General Tire*, the Federal Circuit held that the District court erred when it ordered a defendant to request reexamination of a patent-in-suit and held that the defendant would not be allowed to use any art that it did not present to the USPTO for reexamination in trial. *In re Continental Gen. Tire*, 81 F.3d 1089, 1090 (Fed. Cir. 1995). The Federal Circuit specifically noted that a request for reexamination of one of the patents in suit had been filed by another party, but that the reexamination was irrelevant to the disposition of this question. *Id.*, at 1093. The Federal Circuit stated that while the reexamination statute, on its face, "permits any party to file a request for reexamination, it does not empower a district court to compel a party to file such a request or require that any party file such a request." *Id.*, at 1091. The Federal Circuit further went on to state that a reexamination, while potentially helpful to the district court, is a "limited procedure" and noted that the "the role of a nonpatentee requester" is similarly limited. *Id.*, at 1093. Finally, the Federal Circuit held that "a party retains the right to choose whether to request PTO action," and vacated the order "excluding from trial any prior art evidence that is not first presented to the PTO." *Id.*

Requiring a prior art disclosure for purposes of facilitating a reexamination is an attempt to circumvent this established precedent. It is also prejudicial to Logitech because such a requirement essentially makes Logitech a party to the existing reexaminations. Logitech has requested a stay pending outcome of reexamination proceedings in this case. Defendant Logitech's Motion to Stay Pending Outcome of Patent Reexamination Proceedings, 3:08-cv-00308-BTM (CAB), Doc. # 11 (SD CA, April 10, 2008). Because the same factors that resulted in a stay in the other co-pending cases also exist in this case, a stay is appropriate in this case. If a stay is granted in this case, yet Logitech is required to identify all of the prior art it intends to rely on at trial, this essentially compels Logitech to submit its art to the USPTO, directly contravening

the rule laid down by the Federal Circuit in *Continental General*. As noted in *Continental General*, " a party retains the right to choose whether to request PTO action;" requiring Logitech to submit its prior art to Sorensen takes the "right to choose" out of Logitech's hands. *Continental General*, 81 F.3d at 1092.

Citing to dicta in *Emhart Indus. V. Sankyo Seiki Mfg. Co.*, 3 USPQ 2d 1889, 1890 (N.D. Ill. 1987), Sorensen asserts that "unless the parties making a blanket claim of invalidity are required to promptly identify all prior art," then the Court cannot benefit from having all art presented to the Court "first considered by the PTO." Plaintiff Sorensen's Motion to Modify Patent Local Rules Schedule to Accelerate Identification of Claimed Invalidating Prior Art ("Sorensen's Motion"), 3:08-cv-00308-BTM (CAB), Doc. # 8-2 (SD CA, April 4, 2008), p. 6. *Emhart* has no relevance to this motion. In *Emhart,* the defendants accused of patent infringement filed a request for reexamination and then filed a motion to stay the case. The court in *Emhart* did not order the defendants "to promptly identify all prior art" before it would grant a stay. *Emhart* is a case discussing the reasons *why* a stay should be granted after a reexamination is filed. *Emhart* did not impose a duty to vet prior art through the USPTO.

### B. Acceleration Of The Deadline Is Prejudicial To Logitech.

Sorensen's motion asks for an order stating that "all items of claimed invalidating art" be identified within 60 days. Sorensen's Motion, p. 6 (emphasis added). Sorensen states that this would allow it to advise the USPTO of "all prior art asserted to be invalidating" in time for the USPTO to consider the prior art with the currently pending reexaminations. *Id.* (emphasis added). Although Sorensen does not specifically state that, if this order were to be granted, that Logitech could be estopped from asserting art not disclosed to Sorensen, the language in Sorensen's motion suggests that this is its intent. Such a result is contrary to the Federal Circuits decision in *Continental General*. As noted above, the Court in *Continental General* vacated a district court's order that required a party to submit its art to the USPTO for reexamination, and prevented the party from asserting in trial any art that wasn't presented to the USPTO. *In re Continental Gen. Tire*, 81 F.3d at 1091 .

Further, such a result is prejudicial to Logitech, based upon the absence of compliance

1  with the Patent Local Rules.  The Patent Local Rules lay out a case management schedule for
2  patent cases.  Sorensen is asking the Court to order Logitech to effectively lay out its preliminary
3  invalidity contentions prior to Sorensen providing Logitech with its preliminary infringement
4  contentions.  The Local Rules provide that infringement contentions are provided prior to
5  invalidity contentions for a good reason, namely that the plaintiff may be taking positions on the
6  scope of claim terms that impact how the defendant might try and structure its invalidity
7  arguments, and which art it might use to support its invalidity positions.  As noted by Sorensen,
8  the Patent Local Rules provide for a usual and customary period of approximately four and a half
9  months to prepare preliminary invalidity contentions.  Sorensen's Motion, p. 2.  Sorensen seeks to
10 cut that time by more than half, without any infringement contentions.  It would be prejudicial to
11 Logitech to seek to cut the time it has to prepare its invalidity positions by more than half, and
12 then put up a barrier to bringing up later-discovered art or arguments at trial.

13      Such a limitation is inappropriate given the uncertainty of outcomes in the USPTO.  The
14 reexamination proceedings may impact the scope of the claims.  For example, the claims may
15 change or Sorensen may make arguments that makes additional art relevant.  These events would
16 also have an impact on how Logitech framed it invalidity contentions and may effect the prior art
17 that Logitech needs to use to support its invalidity positions.  Creating a virtual estoppel by
18 requiring Logitech to submit any art it intends to rely on at trial before Logitech has the
19 opportunity to review Sorensen's infringement contentions, and before Logitech has the
20 opportunity to review the arguments made during the reexamination proceedings, could unfairly
21 cripple Logitech's invalidity defense and counterclaims.

22      Because an order requiring Logitech to submit its "claimed invalidating prior art" before
23 the dates set by the local rules and this Court would be prejudicial to Logitech, Sorensen's motion
24 to accelerate dates should be denied.

25 / / /
26 / / /
27 / / /
28 / / /

### III. CONCLUSION

Because an order requiring Logitech to submit its "claimed invalidating prior art" before the dates set by the local rules and this Court would be prejudicial to Logitech, and because Sorensen is asking for an order that is contrary to Federal Circuit precedent, Sorensen's motion to accelerate dates should be denied.

Dated: April 18, 2008                                  ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                          /s/ I. Neel Chatterjee /s/
                                                       I. NEEL CHATTERJEE
                                                       Attorneys for Defendant
                                                       LOGITECH, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 18, 2008.

Dated: April 18, 2008.                 Respectfully submitted,

                                    /s/ I. Neel Chatterjee /s/
                                    I. Neel Chatterjee