MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　　　Plaintiff<br>　v.<br><br>LOGITECH INC., a California Corporation; and DOES 1 – 100,<br><br>　　　　　　　　Defendants.<br>_____<br>and related counterclaims. | Case No. 08cv308 BTM CAB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date: August 8, 2008<br>Time: 11:00 a.m.<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz<br><br>*Oral Argument Has Been Respectfully Requested by Plaintiff* |

Plaintiff, pursuant to a shortened procedure outlined by Judge Moskowitz in related cases,[1] hereby requests the Court for an exception to the stay entered in this case in order to preserve evidence that will otherwise be unavailable after the stay. Plaintiff has presented its arguments in brief form pursuant to the Court's request.

Plaintiff has already requested this exception and discovery by letters to Defendants' counsel, but Defendants have failed to agree to the requested discovery and has also acknowledged their inability to preserve certain evidence. *Kramer Decl.,* ¶ 4, Exhibit A.

The requested discovery is as follows:

1. Confirmation of preservation of all prototype and production molds used in the production of the Accused Products if they are within possession, custody, or control of named Defendants; and

2. Confirmation of preservation of all design and technical documents for the Accused Products that are in the possession, custody, or control of named Defendants.

For any of the above categories of evidence that are in the possession, custody, or control of non-parties (as Plaintiff understands some to be), Plaintiff requests as follows:

3. Sworn identification of the company name(s) and address(es) of all non-party manufacturers, suppliers, and importers for the Accused Products; and

4. Court leave to use appropriate procedural steps to acquire the above-listed categories of evidence from, and/or conduct plant inspections of, non-parties.

Plaintiff believes these items of discovery are necessary and that delay until

---

[1] Sorensen v. Helen of Troy Texas Corporation, et al, Case No. 07cv02278 (see relevant portion of the transcript at Appendix A hereto); and Sorensen v. Black & Decker Corporation, Case No. 06cv1572 (see Docket # 264-277, various entries).

1  completion of the '184 patent reexamination creates the risk of loss of evidence.

2  A motion to preserve evidence requires the court to consider "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering the evidence preservation." *Jacobs v. Scribner* Slip Copy, 2007 WL 1994235 (E.D.Cal., 2007) citing: *Daniel v. Coleman Co., Inc.*, No. 06-5706 KLS, 2007 WL 1463102, *2 (W.D.Wash., 2007).

Logitech is unwilling to identify the non-party entities who hold evidence vital to this patent infringement case and have also stated that although they agree to preserve relevant evidence within its custody and control, "Logitech cannot do anything with respect to unspecified 'non parties' which may or may not be outside the United States." *Kramer Decl.,* Exhibit A (letter dated June 25th).

Unidentified, and thus non-party, manufacturers, suppliers, and importers, of the Accused Products may not have notice of this lawsuit and Plaintiff has no means of ensuring that they are preserving evidence for this case. Neither the Court nor Plaintiff can informally request evidence preservation, much less compel it, without this identification.

WHEREFORE, Plaintiff respectfully requests the Court to order an exception to the stay in this case for purpose of conducting the discovery outlined above.

//
//

1  DATED this Thursday, June 26, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer
_____
Melody A. Kramer, Esq.
J. Michael Kaler, Esq.
Attorneys for Plaintiff

```
 1                    UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF CALIFORNIA
 2

 3                                    )
     JENS ERIK SORENSEN, as            )
 4   Trustee of SORENSEN               )
     RESEARCH AND DEVELOPMENT          )
 5   TRUST,                            )
                                       )
 6                                     )
               Plaintiff,              ) Case No. 07cv02278BTM
 7                                     )
                                       )
 8                vs.                  )
                                       )
 9   HELEN OF TROY TEXAS               )
     CORPORATION; OXO                  )
10   INTERNATIONAL, LTD; and           )
     DOES 1-100,                       )
11                                     )
                                       )
12             Defendants.             )
                                       ) San Diego, California
13                                     )
                                       ) February 25, 2008
14

15

16                       Status Conference

17          BEFORE THE HONORABLE BARRY TED MOSKOWITZ
                  UNITED STATES DISTRICT JUDGE
18

19      APPEARANCES:

20      For the Plaintiff:          Kaler Law Offices
                                    J. Michael Kaler
21                                  9930 Mesa Rim Road St. 200
                                    San Diego, CA 92121
22
                                    Kramer Law Office
23                                  Melody A. Kramer
                                    9930 Mesa Rim Road, St.1600
24                                  San Diego, CA 92121

25
```

```
 1
         For the Defendants:          Seyfarth Shaw
 2                                    Eric B. Von Zeipel
                                      2029 Century Park East,
 3                                    Suite 3300
                                      Los Angeles, CA 90067
 4

 5
         Official Reporter:           Barbara Harris CM/RPR/CRR
 6                                    880 Front Street
                                      San Diego, CA 92101
 7                                    619-990-3116

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1  thing is if I grant them an extension of time to answer of 60
 2  days, and I grant the stay without prejudice and they answer
 3  on behalf of Helen of Troy of Texas, and Oxo International,
 4  then I think everything is taken care of.
 5              MR. VON ZEIPEL:  That sounds good.                    16:22:19
 6              THE COURT:  Mr. Kaler is about to speak.
 7              MR. KALER:  That would certainly be a resolution,
 8  not one I'm thrilled with.  Has the court considered the
 9  possibility of a partial stay allowing some discovery, that
10  does not address claim construction issues, to preserve          16:22:19
11  evidence in these cases that are newly filed?
12              THE COURT:  I have not considered it, but that is
13  certainly something that would be considered.  No one should
14  be prejudiced by the stay.  It would be unfair to the
15  plaintiff if there is a stay and something happens that they    16:22:19
16  lose evidence.  So that's always an implied exception.
17              The stay is always granted without prejudice.  If
18  that wasn't understood then perhaps it's my fault in not
19  making it clear.
20              MR. KALER:  Would we need to bring a separate         16:22:20
21  motion?
22              THE COURT:  First you would discuss it with the
23  party you would want to take discovery on, and if they didn't
24  agree, then you would then come before me.
25              MR. KALER:  Okay.                                     16:22:20
```

```
 1              THE COURT:  And I think I would try to do it in a
 2   way that the parties would file something very, very brief so
 3   they don't take up a lot of attorney time and work, and then
 4   I would hear it orally and I would rule on it right there.
 5              In other words, you would file something, maybe a        16:22:20
 6   page or two, saying we want to get an exception to the stay
 7   for the following reasons, we are going to come into court on
 8   such and such a date the clerk gives you, and we will flush
 9   them out, but here it is in capsule form.
10              MR. KALER:  Thank you, your Honor.                      16:22:21
11              THE COURT:  All right?  So that's when I say the
12   stays are granted without prejudice.  Well, does anyone have
13   a problem if we proceed this way?  I know it's not ultimately
14   what you want, but you can't -- isn't there a song, You Can't
15   Always Get What You Want?                                          16:22:21
16              MR. KALER:  Your Honor, I was actually hoping for
17   summary judgment in our favor this morning, but I'll take it.
18              THE COURT:  Well, we will do an order in that
19   regard.  Is 60 days enough to file an answer?
20              MR. VON ZEIPEL:  I believe so.                          16:22:21
21              THE COURT:  And the order will provide that you can
22   file an amended answer 30 days after any re-examination
23   decision.
24              MR. VON ZEIPEL:  Thank you, your Honor.
25              THE COURT:  All right?  So, then that will take         16:22:21
```