I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
RICHARD S. SWOPE (STATE BAR NO. 233200)
rswope@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   +1-650-614-7400
Facsimile:   +1-650-614-7401

Attorneys for Defendant
LOGITECH, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH INC., a California Corporation; and DOES 1 – 100,<br><br>Defendant. | Case No.  3:08cv308 BTM CAB<br><br>**DEFENDANT LOGITECH, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date:        August 20, 2008<br>Time:        10:30 a.m.<br>Courtroom: 15 – 5th Floor<br>The Hon. Barry T. Moskowitz |

Defendant Logitech, Inc. ("Logitech") hereby opposes Sorensen Research and Development Trust's ("Plaintiff") motion for an exception to stay to preserve evidence.  Plaintiff's motion for an exception to the stay should be denied because Plaintiff has failed to allege any specific or valid reasons supporting the belief that evidence will be lost, destroyed, or otherwise unavailable after the stay is lifted.   Further, Plaintiff's motion should be denied because Plaintiff has made broad discovery requests that would result in the expenditure of a large amount of court and party resources, contrary to the purpose of the stay pending outcome of reexamination.

/ / /

/ / /

/ / /

I. **Plaintiff Has Not Alleged Any Reason To Believe That Evidence Will Be Lost, Destroyed, Or Otherwise Unavailable If The Stay Is Lifted**

Plaintiff references the order given in Helen of Troy to support its request for an exception to the stay. Pl.'s Mem. at 1. In the order granting the stay, this Court held that a party may apply for an exception to stay only if "it has specific, valid reasons to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay." Sorensen v. Helen of Troy, et al., Case No. 07-cv-2278 BTM (CAB), Doc. #26 at 2 (SD CA, Feb. 28, 2008). None of the plaintiff's four discovery requests meet this standard.

Plaintiff's first and second discovery requests ask for confirmation that certain types of evidence in the possession, custody, and control of Logitech are being preserved. *Pl.'s Mem.* at 1. No exception to the stay in this case is required because no further confirmation of preservation is necessary. Logitech is already bound by law to preserve evidence within its custody or control during the pendency of a lawsuit. *In re Napster Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006). Further, Logitech has already confirmed, in its June 25th letter, that it "will, of course, preserve relevant evidence within its custody and control." *Kramer Decl.*, Exhibit A (Letter Dated June 25th). Because Plaintiff has not pointed to a specific and valid reason to believe that evidence may not be available after the stay is lifted, there is no reason to make an exception to the stay.

Plaintiff's third request for discovery is for a sworn identification of the company names and addresses of all non-party manufacturers, suppliers, and importers of accused products. *Mem.* at 1. This request should be denied because Plaintiff has not pointed to a specific and valid reason to believe that evidence may not be available after the stay is lifted, as ordered by this Court. The information sought by this request is the type of information that would have been made available in initial disclosures pursuant to Rule 26(a)(1) had the case not been stayed; in fact, Plaintiff specifically requested "initial disclosures pursuant to Rule 26(a)(1)" in its May 6th letter to Logitech. *Kramer Decl.*, Exhibit A (Letter Dated May 6th). In this motion, Plaintiff is asking this Court to order Logitech to meet its discovery requirements under the Federal Rules even though a stay was granted before any discovery had taken place *specifically* to prevent this

1  expenditure of party and court resources.  Because Plaintiff has not pointed to a specific and valid
2  reason to believe that this information may not be available after the stay is lifted, there is no
3  reason to make an exception to the stay.

4  Plaintiff's fourth request is for Court leave to use appropriate procedural steps to acquire
5  various categories of evidence and/or conduct inspections of various manufacturing plants. *Mem.*
6  at 1. Plaintiff's apparent argument is that an exception to the stay should be granted – allowing
7  Plaintiff to conduct large amounts of discovery - because there are perhaps one or more "non-
8  parties," in the United States or elsewhere, that may have at some time manufactured, supplied, or
9  imported accused products.  Again, this request should be denied because Plaintiff has not
10 pointed to a *specific* and *valid* reason to believe that evidence may not be available after the stay
11 is lifted.

12 Because the Plaintiff has failed to articulate any specific or valid reasons why these four
13 categories of evidence and information will not be available once the stay is lifted, Plaintiff's
14 request for an exception to the stay in this case should be denied.

15 **II.    This Court's Order Allowing Limited Discovery in *Sorenson v. Black & Decker* Is Not Relevant to This Case**
16

17 Plaintiff cites to *Sorenson v. Black & Decker* ("*B & D*"), where limited discovery was
18 granted in light of the same order to stay, for support as to why an exception should be granted in
19 this case. *Sorensen v. Black & Decker, et al.*. Case No. 06-cv-1572 BTM (CAB), Doc. # 278 (SD
20 CA, June 3, 2008).  However, the issues in B & D leading up to this Court's order were
21 substantially different from the issues in this case. *Id.; See Sorensen v. Black & Decker, et al.*.
22 Case No. 06-cv-1572 BTM (CAB), Doc. # 269 at 4 (SD CA, April 25, 2008).   Unlike this case,
23 which was stayed prior to any scheduling order and prior to any discovery, the B & D case was
24 stayed much later in the litigation, and was stayed after large amounts of discovery had already
25 been completed.  *Id.*  Further, issues that arose during discovery in the B&D case did present a
26 specific and valid question as to whether evidence and information would be available once the
27 stay was lifted.  These differences explain why discovery was ordered in B & D, but should not
28 be ordered in this case.

OHS West:260474538.1                                - 3 -                        LOGITECH'S OPPOSITION TO PLAINTIFF'S MOTION
                                                                                  FOR EXCEPTION TO STAY
                                                                                  08cv308 BTM CAB

1    First, Logitech has not conducted a "corporate shuffle" such as that which occurred in B &
2    D. *Sorensen v. Black & Decker, et al.*. Case No. 06-cv-1572 BTM (CAB), Doc. # 264-2 at 2 (SD
3    CA, March 31, 2008). In that case, Plaintiff argued that Black & Decker had engaged in deviant
4    corporate conduct in order to conceal evidence. *Id.* This conduct included the merging of a
5    subsidiary "out of existence," name swapping, changes of entity type, and an overall failure to
6    keep proper records of such transactions. *Id.* Based upon this conduct, Plaintiff argued that it had
7    a specific and valid reason to believe that Black & Decker would not preserve relevant evidence
8    as required by law. *Id.*

9    Unlike the B&D case, no such "corporate shuffle" or similar transaction exists in this case.
10   Plaintiff has not made any showings or allegations that Logitech has merged any subsidiaries "out
11   of existence, " conducted any name swapping, or failed to keep adequate records. Unlike in B &
12   D, where Plaintiff had reason to believe that Black and Decker would lose evidence because of
13   prior unusual conduct, in this case no specific or valid reason exists to believe that there will be
14   any loss of information or evidence, and therefore an exception to the stay should be denied.

15   Also, in B & D, large amounts of discovery had already been completed before the stay
16   was ordered. *Sorensen v. Black & Decker, et al.*. Case No. 06-cv-1572 BTM (CAB), Doc. # 269
17   at 4. By the time the stay was ordered, Black & Decker had already expended resources to
18   gather and disclose relevant evidence. The underlying rationale for the stay was not heavily
19   burdened because the narrow discovery exceptions ordered by this Court were merely extensions
20   to the discovery Black & Decker had already undertaken. This is not similar to Logitech's
21   situation. Unlike B&D, Logitech has just entered litigation and no discovery has been completed.
22   While in B&D the added discovery was a reasonable exception given the state of the case, in this
23   case Logitech would be forced to undertake the discovery process essentially as if no stay had
24   been granted. This is a heavy burden on Logitech, particularly without a specific or valid reason
25   to believe that any evidence will be lost, and therefore an exception to the stay should be denied.

26   Finally, Plaintiff has requested that this Court order Logitech to provide broad, sweeping
27   discovery, unlike the narrow, specific discovery this Court ordered in B & D. *Mem.* at 1;
28   *Sorensen v. Black & Decker, et al.*. Case No. 06-cv-1572 BTM (CAB), Doc. # 278 at 13-26. In B

& D, Plaintiff was allowed to request information from only two particular subsidiaries of Black & Decker and a single identified manufacturing facility. *See Sorensen v. Black & Decker, et al..* Case No. 06-cv-1572 BTM (CAB), Doc. # 278 13-26. Those precise requests are substantially different from the broad discovery that Plaintiff seeks in this case. Instead of asking for specific information from two particular subsidiaries, Plaintiff seeks massive amounts of information about the accused products, including information on all prototype and production molds, all design and technical documents, and all non-party manufacturers, suppliers, and importers. *Mem.* at 1. Instead of asking for leave to petition for the inspection of a *specific* non-party facility, Plaintiff is asking for leave to use any appropriate procedural steps to conduct inspections of *all* non-party facilities and compel *all* non-parties to provide evidence on all prototype and production molds and all design and technical documents. *Mem.* at 1. Such broad discovery would be objectionable in the normal course of litigation. Protecting against it in this case is even more compelling. Unlike the specific, narrow requests in B & D, these discovery requests are too broad and burdensome for a case that has been stayed. Again, because Plaintiff has failed to articulate a specific and valid reason why this evidence will not be available once the stay has been lifted, an exception to the stay should be denied.

### III.  Conclusion

Because Plaintiff has not articulated specific, valid reasons to believe that evidence will be unavailable after the stay, Plaintiff's request for an exception to the stay should be denied.

Dated: July 25, 2008

I. NEEL CHATTERJEE
RICHARD S. SWOPE
Orrick, Herrington & Sutcliffe LLP


 */s/ Richard S. Swope*
RICHARD S. SWOPE
Attorneys for Defendant
LOGITECH, INC.

**CERTIFICATE OF SERVICE**

 I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 25, 2008.

Dated: July 25, 2008.    Respectfully submitted,

              /s/ Richard S. Swope
              Richard S. Swope