MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　Plaintiff<br>　v.<br><br>LOGITECH, INC., a California Corporation; and DOES 1 – 100,<br><br>　　　　　　Defendants. | Case No. 08-cv-308 BTM CAB<br><br>**REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date: August 20, 2008<br>Time: 11:30 a.m.<br>Courtroom: 15, Fifth Floor<br>Judge: Hon. Barry T. Moskowitz<br><br>*Oral argument is respectfully requested by Plaintiff* |

## SUMMARY OF REPLY

Defendant has expressly asserted that it has no ability to ensure preservation of evidence of the manufacturing process for the Accused Products pending lift of stay in this case. As such, Plaintiff needs to have permission from this Court to seek necessary third-party discovery from the non-party entities holding such information.

Obviously Plaintiff needs to know the identification of the manufacturer(s) of the Accused Products in order to seek this third-party discovery. Defendant's objection that Plaintiff has not requested "inspection of a *specific* non-party facility" while simultaneously objecting to such identification, is disingenuous and nonsensical.

Plaintiff's requests are narrow and focused on ensuring preservation of evidence being held by third-parties who may or may not have knowledge of this lawsuit or obligations to preserve evidence. Those third-parties have no incentive to take any steps to preserve evidence, nor does the Defendant. Thus, the Court should allow Plaintiff to obtain identification of these third parties from Defendant, and then have leave of the Court to take any available procedural steps to obtain or preserve that evidence.

## ARGUMENT

On April 25, 2008, the Court issued an order of stay that contained the following proviso:

> Additionally, any party may apply to the court for an exception to the stay if it has specific, valid reasons to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay.

*Order Granting Defendants' Motion for Stay Pending Reexamination*, Docket 17, page 2:5-7.

1   Because this order issued prior to any discovery whatsoever being permitted
2   in the case, Plaintiff reasonably construed the above language to take into account
3   the inability of Plaintiff to provide any more specificity to requests for exceptions to
4   stay than would be available from pre-filing investigation and/or information
5   voluntarily provided to Plaintiff by Defendant. Any greater requirement for
6   specificity would render this portion of the Court's order meaningless and without
7   effect.

## I. ABSENT IDENTIFICATION OF THIRD-PARTIES WHO POSSESS MANUFACTURING PROCESS INFORMATION, PLAINTIFF HAS NO ASSURANCE OF PRESERVATION OF NECESSARY EVIDENCE.

Plaintiff is in danger of losing valuable evidence because Defendant Logitech is unwilling to identify the non-party entities who hold relevant evidence vital to this patent infringement case, and it openly admits that "<u>Logitech cannot do anything with respect to unspecified 'nonparties' which may or may not be outside the United States</u>." *Kramer Decl.* at Docket 18-3, Exhibit A, last page (emphasis added).

Defendant's statement that it agrees to preserve evidence within its control and custody is insufficient. It is the evidence that is outside of its control that forms the subject of this motion.

Plaintiff has sought the identification of the manufacturers, suppliers, and importers to enable Plaintiff to determine who the non-parties are and where they are located. Neither the Court nor Plaintiff can informally request, much less compel, any production or preservation of evidence in their possession without Defendant's identification of these non-parties. Whether there are foreign companies and/or United States companies involved, third parties do not have the same obligations for preservation of evidence as Defendant.

In *Sorensen v. Black & Decker*, Case No. 06cv1572, this Court allowed limited discovery to permit plant inspections of a third-party Missouri manufacturer because

> [The manufacturers] are not a party. They are really under no obligation to keep the molds and store the molds at their expense, and I think the examination of the molds is appropriate . . . since they're not [a party], you really need to preserve evidence. And since I don't have jurisdiction over them, the only way to do it is to allow you to apply for a Rule 45 and Rule 34 subpoena.

Court's statements from the Transcript of June 3, 2008 hearing in *Sorensen v. Black & Decker Corporation, et al*, Case No. 06cv1572 (page 23 attached hereto).

It is unknown whether these unidentified non-parties are still manufacturing the Accused Products, or if and when they will cease to manufacture the Accused Products. The Products may go out of production before the stay is lifted, which would be detrimental to Plaintiff because the molds would no longer exist.

Plaintiff has demonstrated the high likelihood of loss of evidence during the stay, and there is simply no prejudice or burden to Defendant in providing a simple sworn identification of its manufacturers. Further than that, Plaintiff needs only leave of this Court to pursue whatever investigation or third-party discovery is available to ensure preservation of evidence.

The inherent problem in not granting the relief requested is that during the pendency of a stay of undetermined duration, the parties with actual access to manufacturing process information are either outside of the jurisdiction of this Court and/or have no incentive to preserve evidence. This is the very problem that prompted the creation of the 35 U.S.C. § 295 presumption of infringement.

## II. THE 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT WOULD PROVIDE PARTIES WITH CONTROL OVER EVIDENCE THE INCENTIVE TO PRESERVE IT.

The 35 U.S.C. § 295 presumption of infringement is intended to address the difficulty of proof that the patented process was used when the party with the best control of the evidence has no incentive to provide it to the other party. 35 U.S.C. §

295 was passed to help U.S. patent holders deal with the increasing number of foreign manufactures importing infringing products into the United States, and the difficulty in obtaining discovery of manufacturing processes from such foreign manufacturers:

> This presumption addresses a great difficulty a patentee may have in proving that the patented process was actually used in the manufacture of the product in question in those cases, where the manufacturer is not subject to discovery under the Federal Rules of Civil Procedure. For example, patent owners will frequently be unable to obtain information concerning the nature of processes being practiced by foreign manufacturers. Shifting the presumption should create no substantial burden, as an accused infringer should be in a much better position to establish that the product was made by another method.

*House Committee on the Judiciary, Process Patents Amendments Act of 1987*, H.R. REP. NO. 100-60, at 16 (1987).

The intent of Section 295 is to place the burden of proving/disproving infringement <u>on the party in the best position to offer the proof</u>. In most cases, the importer who, by reason of their relationship with the manufacturer, is in the best position to get process information:

> Importers, for example, because of their relationships with foreign manufacturers, may be able to exert pressure on such manufacturers to produce the necessary information. Users and sellers who purchase possibly infringing articles from importers may be able to exert similar pressure on those importers, who would in turn influence foreign manufacturers.

*Senate Committee on the Judiciary, Process Patents Amendment Act of 1987*, S. REP. NO. 100-83, at 57 (1987).

With this in mind, the legislature intended the threshold for the burden shifting to be less than that of requiring the patent holder to submit letters rogatory:

> A reasonable effort requirement could easily be satisfied in the United

5.

Case No. 08-CV-308 BTM (CAB)

> States through our discovery procedures. For a foreign manufacturer the patentee would have to take some reasonable step, such as writing to the manufacturer, to determine how the product was made and to have been unsuccessful in this regard. The reasonableness of the effort would depend on the facts of the case but should generally avoid the need for such measures as letters rogatory or suits in a foreign country.

*Senate Committee on the Judiciary, Process Patents Amendment Act of 1987*, S. REP. NO. 100-83, at 45 (1987).

The legislative history is abundant that the very purpose of section 295 is to lift from the shoulders of patent holders the undue burden of being forced to pursue discovery options outside the Federal Rules against foreign manufactures in foreign countries.

In this case, Defendant is using a stay to further complicate Plaintiff's ability to collect and preserve evidence of the accused process. Without identification of the manufacturers of the accused products, it is not even known if those entities are subject to U.S. discovery procedures under the *Federal Rules of Civil Procedure* and Plaintiff is not even given the opportunity to informally request information.

Unidentified, non-parties to this case who may be complicit in the manufacture, import, sale and/or offer for sale of the accused products have no incentive, and perhaps no obligation, to preserve evidence necessary to this case. Loss of evidence pending a stay of indefinite duration (the reexamination initially prompting the stay of this and related cases is already over a year old) under these circumstances is highly likely.

Because of the stay, no request for invoking the 35 U.S.C. § 295 presumption of infringement has yet been filed. However, the purpose of section 295 is directly relevant to this preservation of evidence motion.

To avoid undue prejudice to the Plaintiff, this Court should either allow the narrow, limited discovery that is being sought, or entertain a 35 U.S.C. § 295 motion that would assign the burden of proof of infringement to the parties that are in the

best position to obtain and preserve manufacturing process information.

### III. PLAINTIFF'S LIMITED DISCOVERY REQUESTS ARE NARROW IN SCOPE AND ARE NOT UNDULY BURDENSOME.

Defendant argues Plaintiff requests "broad, sweeping" discovery, which would result in a heavy burden on Defendant. To the contrary, Plaintiff's requests are narrow and would not be overly burdensome to the Defendant. Indeed, all that is requested of Defendant is that they provide a sworn identification of the manufacturer(s), supplier(s), and/or importer(s) of the accused products, and not object to third-party discovery being conducted.

Defendant had an opportunity to provide this information informally before this motion was filed, and formally by stipulation after this motion was filed, but failed and refused on both counts. There is no expenditure of large amounts of court and party resources in supplying a simple, sworn, list of names and addresses of all manufacturers, suppliers, and importers of the Accused Products.

This case is distinguishable from the *Black & Decker* motion, but not for the reasons articulated by Defendant. In the *Black & Decker* motion, Plaintiff was able to identify a specific manufacturing facility because Plaintiff had received the identification (albeit after a year of misrepresentations about its location). Therefore, the *Black & Decker* motion did not contain a request for identification. Here, Defendant is unwilling to identify any facilities, thereby necessitating this additional request by Plaintiff. Once the manufacturers, suppliers, and importers are identified, Plaintiff will be able to specify facilities.

Plaintiff's request for leave to pursue third-party discovery does not implicate Defendant, so there would be no large expenditure or burden to Defendant.

//

# CONCLUSION

Plaintiff has requested a narrow category of identification(s) and leave of the Court to pursue any available procedural remedies to ensure preservation of evidence that is outside of the possession, custody, or control of the parties to this case and outside of the jurisdiction of this Court.

In the alternative, if the Court is unwilling to grant this narrow discovery, the Court should set a briefing schedule on a 35 U.S.C. § 295 motion to switch the burden of proof, thereby leaving with Defendants the obligation and incentive to ensure that manufacturing process information is preserved for trial.

DATED this 13th day of August, 2008.

> JENS ERIK SORENSEN, as Trustee of
> SORENSEN RESEARCH AND DEVELOPMENT
> TRUST, Plaintiff
>
> /s/ Melody A. Kramer, Esq.
> _____
> J. Michael Kaler, Esq.
> Melody A. Kramer, Esq.
> Attorneys for Plaintiff

**PROOF OF SERVICE**

I, Melody A. Kramer, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.

On Wednesday, August 13, 2008, I served the following documents:

**REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| I. Neel Chatterjee<br>nchatterjee@orrick.com<br>Richard S. Swope<br>rswope@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | Logitech, Inc. | Email - Pleadings Filed with the Court via ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

1   ☐ (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

2

3   I declare that the foregoing is true and correct, and that this declaration was executed on

4   Wednesday, August 13, 2008, in San Diego, California.

5

6                                                          /s/ Melody A. Kramer
                                                           ─────────────────────
7                                                             Melody A. Kramer

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

```
                    UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF CALIFORNIA


                                       )
    JENS ERIK SORENSEN, et al.,        )
                                       )
               Plaintiff,              ) Case No. 06CV01572BTM
                                       )
                                       )
                  vs.                  )
                                       )
    THE BLACK & DECKER                 )
    CORPORATION, a Maryland            )
    corporation,                       )
                                       )
               Defendants.             )
                                       ) San Diego, California
                                       )
                                       ) June 3, 2008
                                       )
                                       ) 9:309 a.m.
                                       )


                           Motion Hearing

            BEFORE THE HONORABLE BARRY TED MOSKOWITZ
                 UNITED STATES DISTRICT JUDGE


    APPEARANCES:

    For the Plaintiff:           Kaler Law Offices
                                 J. Michael Kaler
                                 9930 Mesa Rim Road St. 200
                                 San Diego, CA 92121

                                 Kramer Law Office
                                 Melody A. Kramer
                                 9930 Mesa Rim Road, St.1600
                                 San Diego, CA 92121

    For the Defendants:          Niro, Scavone, Haller & Niro
                                 Raymond P. Niro, Jr.
                                 181 West Madison Street,
                                 Suite 4600
                                 Chicago, IL 60602
```

```
 1              THE COURT:  Unless, if you represent them, there is
 2   a consent, you know, a consent to jurisdiction of this court
 3   to enter the order allowing for it.
 4              MR. NIRO:  I don't think they have consented to
 5   jurisdiction here.  Just in response to the letter from               10:10:15
 6   plaintiff to Revere Plastics, they retained our services.  I
 7   know Ms. Goddard --
 8              THE COURT:  Normally when you want to get discovery
 9   from a nonparty that is out of district you have to go to the
10   court in that district.                                               10:10:30
11              MR. NIRO:  I think that would still apply here.
12              THE COURT:  Except if they consent to jurisdiction
13   in the court where the underlying case is pending.
14              MR. NIRO:  I haven't talked to Revere Plastics
15   about that, but I would be surprised if they consented to            10:10:46
16   that.  But, again, if an issue comes up, where if they are
17   scheduling to destroy this plant or destroy some molds, we
18   will certainly notify the court and notify plaintiff and at
19   that time they can inspect.
20              THE COURT:  What obligation -- if I have no               10:10:59
21   jurisdiction over them, what can I do to them?
22              MR. NIRO:  I don't think anything, Judge.
23              THE COURT:  Right.  So that's kind of a hollow
24   offer.
25              MR. NIRO:  If there is no jurisdiction then there         10:11:16
```

```
 1   is no -- then there is nothing that we are talking about
 2   today.
 3              THE COURT:  If they go to Missouri and they get an
 4   order there, then there would be jurisdiction in Missouri, so
 5   if they violated that order they would be held in contempt.          10:11:25
 6              MR. NIRO:  Right.  If that's what your Honor is
 7   suggesting, that they issue a subpoena from the Missouri
 8   court, we can address it there.
 9              THE COURT:  They have to unless Revere consents to
10   jurisdiction in this court.                                          10:11:37
11              MR. NIRO:  Right.
12              THE COURT:  I'm going to grant that.  The reason I
13   am going to grant it is they are not a party.  They are
14   really under no obligation to keep the molds and store the
15   molds at their expense, and I think examination of the molds        10:11:48
16   is appropriate.
17              If they were a party then I would feel differently
18   at this point.  But since they're not, you really need to
19   preserve evidence.  And since I don't have jurisdiction over
20   them, the only way to do it is to allow you to apply for a          10:12:03
21   Rule 45 and Rule 34 subpoena.
22              MR. NIRO:  Your Honor, just to clarify, what the
23   court is granting is that plaintiff can issue a Rule 45
24   subpoena; is that correct?
25              THE COURT:  Right.                                        10:12:21
```